UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CRIMINAL NO. 3:07-16-KKC

UNITED STATES OF AMERICA,                                PLAINTIFF,

v.                       **OPINION AND ORDER**

ARMONDO LOUIS COCHRAN,                             DEFENDANT.

\* \* \* \* \* \*

This matter is before the Court on the Petitioner's Motion for Modification of Sentence (DE 83). The Defendant pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of a substance containing a detectable amount of crack cocaine in violation of 21 U.S.C. § 846. His minimum term of imprisonment was 20 years under 21 U.S.C. §841(b)(1)(A). The government filed a downward departure request, pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e). On September 4, 2008, this Court sentenced the Defendant to a prison term of 108 months.

The Court has reviewed the Defendant's record to determine whether he is eligible for a reduction in his sentence under 18 U.S.C. § 3582(c)(2). Pursuant to § 3582(c)(2), a court may modify a term of imprisonment if a defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if such a reduction would be consistent with applicable Guidelines' policy statements. See 18 U.S.C. § 3582(c)(2); USSG § 1B1.10(a)(1). A reduction is inconsistent and therefore not authorized where the applicable Guidelines Amendment does not have the effect of lowering a defendant's Guideline range. USSG § 1B.10(a)(2)(B).

This Court and the United States Probation Office have reviewed the Defendant's case to

determine if his sentence should be reduced.

Defendant was subject to a statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). *United States v. Richardson*, 413 F. App'x 784, 785 (6th Cir. 2011). "The law is clear that defendants sentenced under statutory mandatory minimums are not eligible for 18 U.S.C. § 3582(c) relief." *Id.* at 786 (citing *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir.2009)).

This is true even though the Defendant was sentenced below the mandatory minimum pursuant to the government's motion. *See United States v. Gudger*, 390 F. App'x 482, 487 (6th Cir. 2010)("[B]ecause Gudger was subject to the statutory mandatory minimum sentence, the crack cocaine Guidelines range was not 'applicable to' him even though the court departed downward from that minimum and arrived at a sentence of 120 months, which fell within that range.") This is because "the appropriate starting point for calculating a downward departure under 18 U.S.C. § 3553(e) is the mandatory minimum sentence itself." *Id*. (quoting United *States v. Stewart*, 306 F.3d 295, 332 (6th Cir.2002)).

Thus, the Court hereby ORDERS that the Petitioner's Motion for Modification of Sentence (DE 83) is DENIED.

Dated this 4th day of February, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge